UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK D. KILMER,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA STATE SUPREME COURT,<br><br>    Respondent. | Case No. 21-cv-06567-HSG<br><br>**ORDER OF DISMISSAL** |

Petitioner, a California inmate housed at California Correctional Institution, has filed a writ of mandamus,[1] against the California Supreme Court, alleging that the California Supreme Court failed to carry out its clear, present and ministerial duty to abide by state and federal law because its July 21, 2021 denial of his state habeas petition "completely ignored the Mandatory Legislative Laws, case laws per the Ca. Supreme Court own rulings, and the case laws per the United States Supreme Court, thereby denying Petitioner his Constitutional Due Process Rights per the 14th Amendment." Dkt. No. 1 at 1-2. Petitioner requests that a writ of mandate be issued directing the California Supreme Court to "vacate its erroneous ruling and issue an order for the Ca. State Supreme Court to issue a new order vacating Petitioners sentence, and ordering the Superior Court of San Francisco to Resentence Petitioner according to the law as directed per PC 1170.9 and PC 1170.91," or, in the alternative, that a writ of mandate be issued ordering the California Supreme Court to show cause why Petitioner is not entitled to relief. Dkt. No. 1 at 5.

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of

---

[1] Petitioner has paid the filing fee. Dkt. No. 15.

mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing *in forma pauperis* order); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation). Accordingly, this action is DISMISSED as frivolous as a matter of law and all pending motions are DENIED as moot.[2]

**IT IS SO ORDERED.**

Dated: 2/16/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Petitioner has requested leave to amend the writ of mandamus to incorporate recently passed laws that entitle him to resentencing and invalidating his conviction. Dkt. No. 14. This amendment would not rectify the deficiency in this action. This action must be dismissed as frivolous as a matter of law. *See Demos*, 925 F.2d at 1161-62.